**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Charles L. YOUNG, Defendant–Appellant.**

**No. 93–3603.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 3, 1994.*

Decided Dec. 7, 1994.

---

* Defendant–Appellant requested oral argument with the filing of his brief. After preliminary

examination of the briefs, the court notified the parties that it had tentatively concluded that oral

Before PELL, COFFEY and EASTERBROOK, Circuit Judges.

PELL, Circuit Judge.

Charles Young appeals the district court's revocation of a three-year term of supervised release and the imposition of a prison sentence of 22 months. At issue is whether the use of cocaine constitutes possession pursuant to 18 U.S.C. § 3583(g) and 21 U.S.C. § 844(a). We affirm.

I.

In November 1990, Young pleaded guilty to the unlawful possession of a firearm by a convicted felon, *see* 18 U.S.C. § 922, and was sentenced to 33 months' imprisonment and three years of supervised release. As a condition of supervision, Young was forbidden to purchase, possess, use, distribute, or administer any narcotic or other controlled substance except as prescribed by a physician. In July 1993, a petition to revoke supervised release was filed. The Presentence Investigation Report ("PSI") indicated that the defendant provided four urine samples which tested positive for cocaine metabolite, and that Young admitted to using cocaine on at least three occasions. Young does not dispute these findings.

At sentencing, the district court concluded that to have used cocaine, Young first must have possessed it. Consequently, Young was subject to a statutory mandatory minimum term of imprisonment of not less than one-third of the term of supervised release pursuant to 18 U.S.C. § 3583(g). Section 3583(g) provides:

If the defendant is found by the court to be in the possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant

Gerard A. Brost (submitted), Office of U.S. Atty., Peoria, IL, for plaintiff-appellee.

Maribeth Egert Dura, Corrigan & Dura, Peoria, IL, for defendant-appellant.

argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R.App.P. 34(a); Cir.R. 34(f). The government filed such a statement, leaving the matter to the discretion of the court. Upon consideration of the parties' statements, the briefs, and the record, the request for oral argument is denied, and the appeal is submitted on the briefs and the record.

to serve in prison not less than one-third of the term of supervised release.

Moreover, the district court found that Young was guilty of a Grade B violation of supervision for conduct constituting a federal offense, e.g. simple possession, punishable by a term of imprisonment exceeding one year. *See* 21 U.S.C. § 844(a).[1] A Grade B violation, when combined with a criminal history category of VI, requires revocation of supervision and the imposition of a prison sentence within the guideline range of 21 to 27 months. The district court imposed a 22 month sentence.

## II.

On appeal, Young argues that he was subjected to a much harsher sentence because the district court failed to exercise any discretion in concluding that Young's drug use was proof of possession of a controlled substance. Had the district court found that Young did not possess cocaine, Young would have been guilty of violating a condition of supervision for the use of cocaine, a Grade C violation. U.S.S.G. § 7B1.1(a)(3). Moreover, because the statutory mandatory minimum sentence pursuant to § 3583(g) would not have been applicable, Young's violation would have been punishable by a term of imprisonment within the guideline range of 8 to 14 months. U.S.S.G. § 7B1.4(a).

We review a district court's decision to revoke a term of supervised release for an abuse of discretion. *United States v. Dillard,* 910 F.2d 461, 464 (7th Cir.1990). Questions of statutory interpretation, however, are reviewed de novo. *Erickson v. Trinity Theatre, Inc.,* 13 F.3d 1061, 1067 (7th Cir. 1994).

■ The possession of a controlled substance may be actual or constructive and may be proven through direct or circumstantial evidence demonstrating the defendant's knowing exercise of dominion or control over the illegal drugs. *United States v. Hernandez,* 13 F.3d 248, 252 (7th Cir.1994); *United States v. Rodriguez,* 831 F.2d 162, 167 (7th Cir.1987), *cert. denied,* 485 U.S. 965, 108 S.Ct. 1234, 99 L.Ed.2d 433 (1988). Although the "use" of illegal drugs is not explicitly criminalized under federal law, we hold that in the revocation of supervision context, "use" is subsumed within "possession" where the defendant knowingly and voluntarily consumes the controlled substance. We are therefore in agreement with every other circuit that has addressed this issue. *United States v. Dow,* 990 F.2d 22, 24 (1st Cir.1993) (positive urine samples establish possession under § 3583(g)); *United States v. Blackston,* 940 F.2d 877, 878 (3rd Cir.) (finding of possession may be based upon evidence of use), *cert. denied,* —— U.S. ——, 112 S.Ct. 611, 116 L.Ed.2d 634 (1991); *United States v. Clark,* 30 F.3d 23, 25 (4th Cir.1994) (possession necessarily coincides with the knowing and voluntary use of an illegal substance in sentencing and revocation contexts); *United States v. Courtney,* 979 F.2d 45, 49 (5th Cir.1992) ("it is not a defense to an otherwise established simple possession offense [i.e., 21 U.S.C. § 844] that the defendant did not possess the substance because he merely used or consumed it"); *United States v. Baclaan,* 948 F.2d 628, 630 (9th Cir.1991) (positive urine samples and admission of drug use sufficient to establish possession under § 3583(g)); *United States v. Rockwell,* 984 F.2d 1112, 1114 (10th Cir.) ("[t]here can be no more intimate form of possession than use"), *cert. denied,* —— U.S. ——, 113 S.Ct. 2945, 124 L.Ed.2d 693 (1993); *United States v. Almand,* 992 F.2d 316, 318 (11th Cir.1993) (affirming revocation pursuant to § 3583 where finding of possession based on positive urinalyses).

In *United States v. Dillard,* this court also noted that the defendant's use of cocaine was sufficient to affirm the district court's revocation of supervised release because his conduct violated one of the conditions of release that he not commit another federal, state, or local crime. 910 F.2d 461, 464 (7th Cir.1990).

---

1. Because of Young's 1980 drug conviction for unlawful delivery of a controlled substance in the Peoria County Circuit Court in the state of Illinois, a conviction under § 844(a) would be punishable by not less than 15 days and no more than two years.

We explained that possession of a controlled substance was a federal offense and the defendant's admitted and knowing use of cocaine required possession, even if only momentarily. *Id.* at 464 n. 3.

■ The district court had before it the positive test results from Young's urine samples and Young's own admission of drug use. Young did not present the judge with an alternative explanation for the evidence of cocaine metabolite in his system. Indeed, he never argued that he did not voluntarily or knowingly use cocaine. Under these circumstances, we believe that the finding of possession was fully warranted. *United States v. Guzzino,* 810 F.2d 687, 697 (7th Cir.) ("common sense should be used to evaluate what reasonably may be inferred from circumstantial evidence"), *cert. denied,* 481 U.S. 1030, 107 S.Ct. 1957, 95 L.Ed.2d 529 (1987).

Furthermore, we find no support for Young's claim that the district court failed to exercise its discretion. The district court stated:

> **It is my view that—at least under any circumstances that I've ever been made aware of,** it's my view that if a person does use a controlled substance, whether it be by mainlining it, by snorting it, by smoking it, whatever, that it is not possible to use it without possessing it . . .

(Sentencing Tr. 3) (emphasis added). The district court left the door open for Young to show why, under the facts of this case, drug use was not proof of possession. Young's failure to do so does not demonstrate the district court's failure to exercise discretion.

The revocation of supervised release and the imposition of a term of imprisonment within the applicable guideline range is therefore AFFIRMED.