**UNITED STATES of America,
Plaintiff,**

v.

**James CLARO, Defendant.**

**No. 97–30041.**

United States District Court,
C.D. Illinois,
Springfield Division.

Aug. 13, 1999.

Patricia A. Tomaw, Patrick D. Hansen, Springfield, IL, for plaintiff.

Michael H. Vonnahmen, Springfield, IL, for defendant.

## OPINION

RICHARD MILLS, District Judge.

Is the *Wright* case right?

A dispute about precedent.

Defendant says positive drug tests don't imply possession.

The Court follows the weight of well-supported authority.

The Defendant is wrong.

This cause is before the Court following the hearing on revocation of supervised release. For the reasons given below, the Court revokes Defendant's supervised release.

## I. BACKGROUND

On September 10, 1997 Defendant was indicted on a charge of distribution of hydromorphone. He pleaded guilty and on January 1, 1998, Defendant was sentenced to 2 months imprisonment and 3 years supervised release.

Defendant's term of supervised release began on January 15, 1998. But Defendant did not comply with the conditions imposed on his supervised release. Thus, on June 14, 1999, the Government filed a Petition for Summons for Offender Under Supervised Release. The petition alleged that on November 4, 1998, Defendant had submitted a urine sample that tested positive for use of cocaine. Then, on April 29, 1999, Defendant submitted urine samples that tested positive for use of cannibus.

The Dispositional Report states that Defendant's violation is a grade B violation. Defendant has filed an objection to the Dispositional Report and contends that his positive tests for cocaine and cannibus constitute only grade C violations.

## II. ANALYSIS

The policy statements contained in the Sentencing Guidelines contain three grades of violations of supervised release. Grade A violations are the most serious, and they include offenses such as controlled substance offenses, as defined at 4B1.2, and offenses involving firearm possession and other offenses punishable by a "term of imprisonment exceeding twenty years." 7B1.1(a)(1). Grade B violations, by contrast, are those offenses (under federal, state or local law) that are punishable by terms of imprisonment in excess of one year. U.S.S.G. § 7B1.1(a)(2). Finally, grade C violations, the least serious, include those offenses that are punishable (under federal, state or local law) for a period of less than a year. 7B1.1(a)(3) Grade C violations also include those offenses that are simply violations of the terms of supervised release. *Id.*

In arguing that he committed only a grade C violation when he tested positive for drugs, Defendant relies exclusively upon the case of *United States v. Wright,* 92 F.3d 502 (7th Cir.1996). In that case, a defendant violated his supervised release when he was arrested and charged with possession with intent to distribute 23 grams of crack cocaine and when he was found with a handgun. The District Judge determined that the defendant had committed several grade A violations and sentenced the defendant to 44 months imprisonment after revoking his supervised release.

The reviewing court's panel found the District Court's conclusion that defendant had committed a grade A violation to be insufficiently supported. Because the District Judge found only possession, the *Wright* panel found that remand was ap-

propriate. Oddly, however, the *Wright* panel also asserts that "simple possession [of the cocaine and other drugs] would support only a grade C violation." Even more surprising is the later assertion that "testing positive for drugs" is "classified as grade C under 7B1.1(a)(3)."

But, as the lack of citation indicates, these propositions are quite novel. First, the panel apparently assumed that all simple possession offenses are properly classified as grade C offenses. Such is not the case. The *Wright* opinion did not address the fact that certain possession offenses could be, and have been, properly categorized as grade B offenses. See *United States v. Young*, 41 F.3d 1184, 1186 (7th Cir.1994) (citing § 21 U.S.C. 844(a), in affirming lower court's finding that "simple possession" was a grade B violation). The *Young* case was not mentioned in *Wright*.

The other puzzling aspect of the *Wright* opinion is its reliance on the proposition that a positive test for cocaine supports only a grade C violation. While it is technically true that the mere positive test itself violates only a term of supervised release, it is equally and more importantly true that the positive test results are a perfectly valid basis upon which to conclude that a defendant used, and hence possessed, drugs. See *Young* at 1187. Perhaps this reasonable inference can be called into question by a defendant's showing that he *involuntarily* ingested drugs. But the opinion in *Wright* does not suggest this possibility and in fact does not address the long line of authority (including *Young*) that have concluded that positive tests for drug use support a finding that the drugs were in fact used and possessed. *See, e.g. United States v. Blackston*, 940 F.2d 877 (3rd Cir.); *United States v. Clark*, 30 F.3d 23, 25 (4th Cir.1994); *United States v. Courtney*, 979 F.2d 45, 49 (5th Cir.1992); *United States v. Almand*, 992 F.2d 316, 318 (11th Cir.1993).

Thus, it appears that the rather confusing *Wright* opinion is not the basis for a dramatic change in prior authority and the Court concludes that the *Wright* opinion

intended no such change. In light of Defendant's positive drug tests and his own admission of drug use, the Court finds that he did in fact possess cocaine and cannibus.

In addition, this possession is properly categorized as a grade B violation, since under Illinois law this possession would be punishable for a term of up to 3 years. 720 ILCS 570/402(c). Defendant's criminal history category is I. Thus, under the policy statements, this results in a range of 4 – 10 months imprisonment.

*Ergo*, in light of the circumstances of this case, including the repeated violations committed by Defendant, the Court finds that a 10 month term of imprisonment is appropriate. The Court strongly recommends to the Bureau of Prisons that Defendant be housed in a facility with an effective and strict drug treatment program. The Court denies Defendant's motion for a one-day suspension of execution of the sentence.