MEMORANDUM AND ORDER
 

 CROW, Senior District Judge.
 

 Lamon Melvin Wallace pleaded guilty to one count of unlawful possession of a firearm by a convicted felon and one count of false statement in acquisition of a firearm. On June 8, 1995, this court imposed a sentence against Wallace which included a primary term of incarceration of 51 months (two counts running currently). The court also imposed two concurrent 3 year terms of supervised release.
 

 Having served his primary term of incarceration, Wallace was placed on supervised release on July 9, 1998. Since being released from prison, the defendant has allegedly committed several separate and distinct acts constituting ostensible violations of the terms of his supervised release. On January 7, 2000, the probation department prepared a violation report recounting six separate instances of the defendant’s alleged violation of the conditions of supervised release. Since the time that the violation report was prepared, the defendant has paid the $100 special assessment, so only five alleged violations need be resolved.
 

 On February 2, 2000, the court conducted a hearing to consider evidence regarding the defendant’s alleged violations of the terms and conditions of his supervised release. After hearing the evidence but not issuing a ruling as to whether the defendant had committed any of the alleged violations, the court granted the parties time to brief the issue of whether Wallace’s simple possession of a controlled substance constitutes a Grade A, B or C violation. The issue is an important one, for under the sentencing guidelines the grade of the violation and the defendant’s criminal history category (applicable at the time the defendant was originally sentenced to a term of supervision) determine the suggested range of imprisonment upon revocation.
 
 See
 
 U.S.S.G. § 7B1.4 (revocation table). At the time Wallace was originally sentenced to a term of supervision, his criminal history category was V.
 

 The maximum period of imprisonment this court can impose for Wallace’s violation(s) of the term of supervised release is two years.
 
 See
 
 18 U.S.C. § 3583(e)(3).
 

 Findings
 

 The court finds by a preponderance of the evidence that the defendant has committed the following violations of the terms and conditions of his supervised release:
 

 1. Assault and Larceny (Paragraph 3 of the violation report).
 

 Certified copies from Kansas City Municipal Court of the defendant’s convictions establish these violations of the terms and conditions of supervised release. These are Grade C violations.
 

 2. Driving on a Suspended License/failure to notify probation (Paragraphs 4 and 5 of the violation report).
 

 Certified copies of the defendant’s conviction establish the defendant’s criminal act of driving on a suspended license. The testimony of Paul Buhl, the United States Probation Officer assigned to monitor Wallace’s compliance with the terms and conditions of supervised release, establishes Wallace’s failure to notify probation of this criminal conviction. These are Grade C violations.
 

 
 *1198
 
 3. Driving under the influence of alcohol/excessive use of alcohol/failure to notify probation (Paragraphs 6, 7 and 8 of the violation report).
 

 Certified copies from Kansas City Municipal Court establish the defendant’s criminal act of driving under the influence of alcohol and excessive use of alcohol. Buhl’s testimony establishes Wallace’s failure to notify probation of his DUI conviction. These are Grade C violations.
 

 4. Drug possession with intent to distribute/possession of drugs/not frequenting places where drugs are used or distributed (paragraphs 9, 10 and 11 of the violation report).
 

 Although there is evidence to suggest that the defendant was possibly engaging in the trafficking of crack cocaine on November 18, 1999, at the park located at 11th and Prospect in Kansas City, Missouri, the court "is not persuaded that this has been proven by a preponderance of the evidence. However, the court finds that the evidence, including the defendant’s own admissions, clearly establish simple possession of marijuana and simple possession of crack cocaine. Based upon this finding, the court is required to revoke the defendant’s supervised release and impose a sentence that includes a term of imprisonment.
 
 See U.S.S.G.
 
 § 7B1.4, Application Note 4 (citing 18 U.S.C. § 3565(b), 3583(g)).
 

 Having found the defendant to have unlawfully possessed controlled substances in violation of the terms and conditions of his supervised release, the court must determine the “grade” of this violation. U.S.S.G. § 7B1.1, titled “Classifications of Violations,” provides:
 

 (a) There are three grades of probation and supervised release violations:
 

 (1) Grade A Violations — conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device of a type described in 26 U.S.C. § 5845(a); or (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years;
 

 (2) Grade B Violations — conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year;
 

 (3) Grade C Violations — conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.
 

 (b) Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.
 

 In
 
 United States v. Hurst,
 
 78 F.3d 482, 484 (10th Cir.1996), the Tenth Circuit held that the policy statements regarding revocation of supervised release set forth in Chapter 7 of the Sentencing Guidelines “are advisory rather than mandatory in nature .” Although those policy statements must be considered by a district court in imposing punishment for a violation of supervised release, they are not binding, and the Tenth Circuit will reverse a revocation sentence imposed by a district court only if it was not “reasoned and reasonable.”
 
 Id.
 
 at 483.
 

 Because simple possession of a controlled substance is not a “controlled substance offense” within the meaning of the guidelines,
 
 see
 
 U.S.S.G. § 4B1.2(b) (“The term ‘controlled substance offense’ means an offense under federal or state law, punishable by a term of imprisonment of more than one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit
 
 *1199
 
 substance) with intent to manufacture, import, export, distribute, or dispense.”);
 
 cf. United States v. Hernandez,
 
 145 F.3d 1433, 1440 (11th Cir.1998) (“[Blecause under U.S.S.G. § 4B1.2(b), a conviction for the mere purchase of controlled substances is not a ‘controlled substance offense’ necessary for the ‘career offender’ enhancement under U.S.S.G. § 4B1.1.”), the defendant did not commit a “Grade A” violation.
 

 The defendant contends that simple possession of a controlled substance is a grade “C” violation. Suggesting that the court follow the Seventh Circuit’s reasoning in
 
 United States v. Lee,
 
 78 F.3d 1236 (7th Cir.1996) (“[W]e conclude that the actual conduct a district court may consider in determining the grade of a violation of supervised release pursuant to § 7Bl.l(a) does not include the sentence enhancements for habitual or recidivist offenders.”), the defendant contends that because he is only subject to the enhanced penalty under 21 U.S.C. § 844 if the government filed a sentencing information pursuant to 21 U.S.C. § 851, he has committed a grade C violation.
 

 The government contends that the defendant committed a “Grade B” violation, citing the Seventh Circuit’s opinion in
 
 United States v. Young,
 
 41 F.3d 1184, 1186 n. 1 (7th Cir.1994), the government contends that the operative word in § 7B1.1(a)(2) is “punishable.” Based upon his prior controlled substance conviction, the government contends that it is clear that the defendant could be punished under federal law for period of up to two years of imprisonment. The government contends that even if the defendant is correct — that the court cannot look to the enhancement provision of § 844 to determine the potential punishment — that it is clear that the defendant committed a felony under Missouri state law.
 

 Analysis
 

 This court concludes that because the defendant has a prior conviction for a controlled substance offense, he defendant is subject to the enhanced penalty of “no more than two years” for violating 21 U.S.C. § 844, and that the court may consider the enhanced penalty in determining the grade of the defendant’s violation.
 
 See United States v. Griffin, Jr.,
 
 1999 WL 1080107 (4th Cir.1999) (affirming district court’s finding that simple possession of cocaine a Grade B violation);
 
 United States v. Krieb,
 
 1999 WL 994011 (7th Cir. Oct.1999) (“Simple possession of the cocaine and methamphetamine is punishable by up to two years’ imprisonment when the defendant has a prior drug conviction.
 
 See
 
 21 U.S.C. § 844. A police officer testified at the hearing that Krieb had a prior conviction for narcotics distribution. Therefore, it would be frivolous to argue that the district court abused its discretion by finding that Krieb committed a Grade B violation of his supervised release.”);
 
 United States v. Young,
 
 41 F.3d 1184 (7th Cir.1994) (in light of defendant’s prior state conviction for a controlled substance offense, defendant’s “simple possession” of a controlled substance punishable under 21 U.S.C. § 844(a) by not less than 15 days and no more than two years; defendant’s violation of supervised release is therefore a grade “B” violation);
 
 United States v. Claro,
 
 65 F.Supp.2d 872, 874 (C.D.Ill.1999) (“[Cjertain possession offense could be, and have been, properly categorized as grade B offenses”). In reaching this conclusion, the court simply notes that despite the Seventh Circuit’s 1996 holding in 1996 in
 
 Lee,
 
 in a subsequent unpublished opinion issued in 1999 by the Seventh Circuit found that a defendant with a prior controlled substance conviction, and who was therefore subject to the enhanced penalty under § 844, had committed a grade B violation. This court sides with the panels of the Seventh Circuit that have focused their analysis of the operation of § 7Bl.l(a) on the word “punishable” in § 7Bl.l(a), rather than the accompanying commentary’s discussion of “actual conduct” in determining the grade of the defendant’s violation. In this court’s opinion,
 
 *1200
 
 the commentary to § 7Bl.l(a) is intended to focus the court’s inquiry on to the
 
 potential
 
 punishment for the defendant’s “actual conduct” — not the actual charges or punishment meted out against the defendant. This court is satisfied that Wallace committed a federal offense “punishable” by a term of imprisonment exceeding one year; consequently, his possession of a controlled substance is a “Grade B” violation.
 

 Even if the court could not look to the enhanced penalty provision in § 844 to determine the grade of Wallace’s violation, the government correctly argues that simple possession of cocaine is punishable by a term of imprisonment exceeding one year under Missouri law.
 
 See
 
 Mo.Rev.Stat. § 195.202 (2000) (possession of a controlled substance is a Class C felony); Mo.Rev. Stat. § Mo.Rev.Stat. § 558.011 (1. “The authorized term of imprisonment, including both prison and conditional release terms, are: ... (3) For a class C felony, a term of years not to exceed seven years ... ”). Consequently, it is clear that Wallace’s simple possession of cocaine constitutes a grade B violation.
 

 5. Failing to participate in substance abuse treatment (paragraph 15 of the violation report)
 

 Paul Buhl’s testimony establishes the defendant’s failure to participate in the substance abuse program as ordered as a condition of his supervised release. This is a Grade C violation.
 

 Summary
 

 Based upon these findings,- the range of imprisonment suggested by § 7Bl.l(a) is 18 to 24 months (Criminal History Category V; Grade B violation). Informed by this suggestion, the court nevertheless deems a period of imprisonment of one year to be appropriate in this case. This sentence considers all relevant factors, taking into account the defendant’s own admissions that he is a drug abuser, and that he has now sought additional counseling.
 

 In imposing this period of imprisonment, the court places absolutely no weight on the defendant’s counsel argument that the probation officer is somehow to blame for the defendant’s violations. The defendant, not the probation officer, is the one who unlawfully possessed crack cocaine and marijuana. The defendant’s attempt to shift the blame for his violations of the terms and conditions of supervised release is disingenuous at best.
 

 Finally, after the defendant has served this one year period of imprisonment for violating the terms and conditions of su- ' pervised release, the court does not intend to place the defendant on supervised release again for the unexpired term of supervised release imposed by the court. After completion of the term of imprisonment imposed, the defendant shall be discharged from supervised release.