**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gary WADE, Defendant–Appellant.**

No. 04–2773.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 15, 2004.

Decided Jan. 13, 2005.

Joel V. Merkel, Office of the United States Attorney Criminal Division, Fairview Heights, IL, for Plaintiff–Appellee.

Daniel G. Cronin, Office of the Federal Public Defender, East St. Louis, IL, for Defendant–Appellant.

Before KANNE, WOOD, and WILLIAMS, Circuit Judges.

### ORDER

Gary Wade was returned to prison for 12 more months after the district court revoked his supervised release for the second time because he failed to comply with reporting and drug-testing conditions. Wade appeals the revocation, arguing that the district court clearly erred in finding that he "refused" to submit to drug testing and, as a consequence, abused its discretion in revoking his release. We affirm.

In 1998 Wade was convicted of distributing narcotics and sentenced to 46 months' imprisonment and 60 months' supervised release. As a condition of his release Wade was required to submit monthly reports to his probation officer within the first five days of each month and was required to submit to periodic drug tests. During his initial period of supervised release, Wade failed to timely submit his monthly reports, to notify his probation officer when he moved, and to inform the officer of an encounter with law enforcement. Wade's supervised release was revoked, and he was returned to prison for nine more months followed by 30 months' supervised release. After he was released for a second time, Wade submitted late reports for November and December 2003 and failed to submit any reports for January, February, and March 2004. He also failed to contact the contractor designated to collect urine specimens from December 4, 2003, through January 10, 2004, and again from March 26 through April 6, 2004.

At his revocation hearing Wade did not testify. Instead, defense counsel proffered that Wade's omissions largely resulted from circumstances beyond his control. First, despite conceding that some of Wade's monthly reports were mailed late, counsel speculated that poor mail service at Wade's residence was the reason that the probation officer never received Wade's monthly reports and why, according to counsel, Wade never got the probation officer's notices of non-compliance with the drug-testing program.

Counsel also represented that Wade's failure to contact the drug-testing contractor resulted from his lack of a home telephone and his difficulty reaching the con-

tractor by telephone when he did call. Counsel first suggested that Wade could not afford a telephone (although apparently he could afford cable television) and was therefore unable to contact the drug-testing contractor. Counsel did concede that Wade had access to a pay telephone within walking distance of his house, but guessed that Wade avoided using it because talking about drug testing in public was "an affront to dignity." Counsel also reported that, to complicate matters, the drug-testing contractor was only sporadically available to personally receive calls, had no message service to take missed calls, and would come unannounced to Wade's home to pick him up for testing when he was away. In response to counsel's proffer, the district court remarked that the hearing evidence did not support Wade's claims but, to the contrary, showed extraordinary efforts by the drug-testing contractor and the probation officer, who testified at the revocation hearing, to ensure Wade complied with the conditions of his release.

On appeal Wade ignores the finding that he failed to submit monthly reports, and concedes that the government established at the revocation hearing by a preponderance of evidence that he failed to comply with the drug-testing conditions of his supervised release. Wade, though, presents two related challenges to his revocation. First he argues that the district court implicitly found that he "refused" to submit to drug testing and, on the basis of that clearly erroneous conclusion, applied 18 U.S.C. § 3583(g), which mandates revocation and further imprisonment if the defendant "refuses to comply with drug testing imposed as a condition of supervised release." According to Wade, there was no evidence that his failure to submit to drug testing was willful, and thus no evidence that he "refused" to comply. Second, Wade argues that, because revocation was not mandated by § 3583(g), the district

court should have considered alternatives short of revocation to address his violations.

We review a decision to revoke supervised release for abuse of discretion. *United States v. Young,* 41 F.3d 1184, 1186 (7th Cir.1994). The government must prove the existence of violations sufficient to justify revocation by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3); *United States v. Trotter,* 270 F.3d 1150, 1153 (7th Cir.2001). Finally, we review the district court's underlying findings of fact for clear error. *See Trotter,* 270 F.3d at 1153.

Wade's premise that the district court relied on § 3583(g) in revoking his release has no foundation in the record. As the government points out, neither the revocation petition, nor the judgment, nor the revocation hearing transcript includes any allusion to § 3583(g). In fact, Wade offers no record citation whatsoever for his contention that the district court implicitly found that he "refused" to submit to drug testing. Rather, the court construed this failure as one violation of the terms of Wade's release that, taken with the failure to timely submit five monthly reports, merited revocation in light of Wade's previous revocation. If Wade means to suggest that the district court abused its discretion by revoking on the erroneous assumption that no other course was open, his argument fails because it mischaracterizes the record.

Wade's second argument, that the district court abused its discretion by not considering options short of revocation, is also without merit. Initially, Wade's position that the court did not adequately consider his "compelling circumstances," necessarily fails because there was no evidence of "compelling circumstances." As the district court recognized, counsel's

proffer was not evidence. *See United States v. Sykes,* 357 F.3d 672, 675 (7th Cir.2004); *Campania Mgmt. Co. v. Rooks, Pitts, & Poust,* 290 F.3d 843, 853 (7th Cir.2002) ("[I]t is universally known that statements of attorneys are not evidence."). Indeed, the court specifically observed that there was "no testimony in the record at all" that Wade ever prepared the reports he blamed the postal service for not delivering, or any evidence to support counsel's representation that Wade "was the one having trouble" contacting the drug-testing contractor. Having offered no evidence of the purported compelling circumstances, Wade can hardly complain that the district court did not allow those circumstances to control its revocation decision.

In any event, the record does not support Wade's view that the district court gave no thought to anything but revocation. When the court offered its oral ruling, it began by recognizing that Wade wasn't asserting his innocence but rather arguing for leniency based on "circumstances in life." The court went on to acknowledge the ideas Wade proposed to avoid future violations, if continued on release, including a promise by defense counsel to personally deliver the monthly reports to the probation office. Finally, the court also signaled its awareness that it need not impose an additional term of imprisonment at all (a further indication that the court was not thinking about mandatory revocation under § 3583(g)). These recognitions by the district court demonstrate that it considered the relevant factors when deciding to revoke Wade's release, *see* 18 U.S.C. §§ 3583(e)(3) (permitting revocation if violation of conditions of release is shown by preponderance of evidence), 3553(a) (identifying factors court should consider when deciding whether to revoke supervised release), one of which is the "history and characteristics of the defendant," *id.* at § 3553(a)(1). As to this factor, the court reasoned that Wade's repetition of violations that led to revocation previously warranted returning him to prison. When a district court considers the appropriate factors set out in § 3553(a), a decision to revoke release is not an abuse of discretion. *See United States v. Salinas,* 365 F.3d 582, 588–90 (7th Cir.2004) (discussing a judge's discretion to revoke release and determine the successive term of imprisonment after considering the factors relevant to each decision listed in § 3553(a)).

AFFIRMED.