**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 9, 2006
Decided March 13, 2006

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-3908

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois |
| v. | No. 99-10065-001 |
| ROBERT M. COTTON, *Defendant-Appellant*. | Michael M. Mihm, *Judge*. |

**O R D E R**

The district court revoked Robert Cotton's supervised release and ordered him to serve a prison term of 21 months after finding that he violated the conditions of his release on multiple occasions. Cotton filed a notice of appeal, but his appointed counsel now moves to withdraw under *Anders v. California,* 386 U.S. 738 (1967), because he cannot find a nonfrivolous basis for appeal. We invited Cotton to respond to counsel's submission, *see* Cir. R. 51(b), but he has not done so. We thus review only the potential issues identified in counsel's facially adequate brief. *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

In 1999 Cotton pleaded guilty to possessing cocaine base with intent to distribute, *see* 21 U.S.C. § 841(a)(1), and was sentenced to 96 months' imprisonment and an eight-year term of supervised release. His prison sentence was later

reduced to 72 months under Federal Rule of Criminal Procedure 35, and in December 2004 he began serving his term of supervised release. In August 2005 the government petitioned the district court to revoke Cotton's supervised release based upon his (1) alleged possession and use of cocaine as evidenced by a positive urinalysis, (2) failure to complete substance-abuse treatment, (3) admission to his probation officer that his girlfriend was using cocaine at his residence, and (4) violation of his home confinement by leaving his residence without reporting to work, as he was required to do. The district court found that the government had met its burden as to each alleged violation, revoked Cotton's supervised release, and ordered him reimprisoned for 21 months (plus 39 days of unserved home confinement from a previous violation) to be followed by three more years of supervised release.

Counsel first considers arguing that the district court abused its discretion in revoking Cotton's supervised release. *See United States v. Young,* 41 F.3d 1184, 1186 (7th Cir. 1994) (noting that revocation of supervised release is reviewed for abuse of discretion). To revoke a term of supervised release a district court must find by a preponderance of the evidence that a defendant violated a condition of his release. *See* 18 U.S.C. § 3583(e)(3); *United States v. Trotter,* 270 F.3d 1150, 1153 (7th Cir. 2001). Here, the district court relied on a urinalysis, the discharge summary from Cotton's treatment center, and statements from Cotton and his probation officer to find that a preponderance of the evidence supported that Cotton had committed another crime (possession and use of cocaine), failed to complete a substance-abuse treatment plan, associated with others involved in criminal activity, and violated the rules of his home confinement. The only violation Cotton attempted to challenge was the allegation of drug use, but he did not contest the results of the urinalysis and merely suggested implausible explanations for why the cocaine was present in his urine. Because a court may infer possession from positive urine samples, *Trotter,* 270 F.3d at 1154, and Cotton did not dispute the other three violations, we agree that a challenge to the revocation would be frivolous.

Counsel next considers arguing that Cotton's term of imprisonment is unreasonable in light of the advisory guidelines. But counsel has not been able to identify anything in the record on which to base an argument that the term is unreasonable, and because the 21-month term is within the recommended sentencing range for his violation and criminal history category in the Revocation Table, *see* U.S.S.G. § 7B1.4(a), we agree that any reasonableness challenge would be frivolous.

The motion to withdraw is GRANTED and the appeal is DISMISSED.