**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 25, 2009
Decided March 25, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-3295

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 05-30083-001 |
| JONATHAN J. HENRY, *Defendant-Appellant.* | Jeanne E. Scott, *Judge*. |

**O R D E R**

Jonathan Henry pleaded guilty to passing counterfeit currency, *see* 18 U.S.C. § 472, and was sentenced to two years' imprisonment, followed by three years of supervised release.  Henry completed his prison term but violated the conditions of his release, so the district court revoked his supervised release and reimprisoned him for another 22 months. Henry filed a notice of appeal, but his appointed counsel has concluded that any ground for appeal would be frivolous and moves to withdraw.  *See Anders v. California*, 386 U.S. 738 (1967).  Counsel identifies two potential issues in his brief, and Henry's response, *see* CIR. R. 51(b), identifies no others.  Thus, we address only those discussed by counsel.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Four months after Henry was freed, his probation officer complained that Henry had committed multiple violations of his release conditions: he stole his ex-girlfriend's truck and a Mercedes Benz; he failed to submit timely supervision reports; he moved to a new residence without informing his probation officer; he failed to notify the probation officer after police questioned him about an argument with his ex-girlfriend; and he skipped mandatory drug tests. Henry denied stealing the vehicles but otherwise admitted the allegations. The district court found that Henry did steal his ex-girlfriend's truck (though not the Mercedes) and revoked his supervised release.

Counsel first considers challenging the district court's revocation decision. Our review would be for abuse of discretion. *See United States v. Young*, 41 F.3d 1184, 1186 (7th Cir. 1994). To revoke a term of supervised release, a district court must find by a preponderance of the evidence that a defendant violated a condition of his release. 18 U.S.C. § 3583(e)(3); *United States v. Flagg*, 481 F.3d 946, 949 (7th Cir. 2007). Counsel wonders whether Henry might argue that the court erroneously found that he stole his ex-girlfriend's truck. (Henry presses the same contention in his Rule 51(b) response.) Challenging this finding would gain Henry nothing because he admitted that he violated the drug-testing condition of his release, an infraction that itself mandated revocation and imposition of a prison term. *See* 18 U.S.C. § 3583(g). Moreover, it would be frivolous to challenge the district court's finding that Henry stole his ex-girlfriend's truck. To prove this violation by a preponderance of the evidence, the prosecution needed only to show that it was more likely than not that the truck was worth more than $300 and that Henry possessed it without authorization and did not intend to return it. *See* 720 Ill. Comp. Stat. 5/16-1 (2006). Henry's former girlfriend testified that her $2,000 truck and its keys disappeared the same day that Henry ended their relationship and moved out of her home. She reported the truck stolen and it was later recovered in Florida, which was Henry's next known location. This evidence easily shows by a preponderance that Henry stole the truck.

Counsel also contemplates challenging the length of Henry's term of reimprisonment. We would uphold an additional prison term unless it is "plainly unreasonable," *United States v. Kizeart*, 505 F.3d 672, 674 (7th Cir. 2007), and require only that the district court consider the policy statements in Chapter 7 of the sentencing guidelines and the sentencing factors set forth in 18 U.S.C. § 3553(a), *United States v. Neal*, 512 F.3d 427, 438-39 (7th Cir. 2008). Here the district court correctly determined that Henry's truck theft constituted a Class B violation because it was punishable by two to five years in prison. *See* 720 Ill. Comp. Stat. 5/16-1(b)(4) (2006); 730 Ill. Comp. Stat. 5/5-8-1(a)(6) (2006); U.S.S.G. § 7B1.1(a)(2). The court accurately concluded that this offense, combined with Henry's Category VI criminal history, yielded an advisory reimprisonment range of 21 to 27 months, *see* U.S.S.G. § 7B1.4(a), which by statute was capped at 24 months, *see* 18 U.S.C. § 3583(e)(3). The district court settled on 22 months after observing that Henry had

compiled a lengthy criminal record and quickly racked up many violations of his release conditions.  We agree with counsel that this was adequate consideration.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.