NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2013
Decided May 10, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-3796

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 07-10058-001 |
| DEMETRISE L. HARPER, *Defendant-Appellant.* | Michael M. Mihm, *Judge.* |

**O R D E R**

Demetrise Harper violated the terms of his supervised release by smoking marijuana and failing to show up for a drug test, and the district court ordered him reimprisoned. Harper appeals the term of reimprisonment, but his appointed lawyer has concluded that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Harper has not responded to counsel's motion. See CIR. R. 51(b). We confine our review to the potential issues in counsel's facially adequate brief. See *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

After completing a 48-month sentence for distributing crack cocaine, 21 U.S.C. 841(a)(1), and possessing a firearm as a felon, 18 U.S.C. § 922(g), Harper was released on an eight-year term of supervised release. His supervised release was soon revoked, however, because he used marijuana, failed to show up for a drug test, and failed to report his address to his probation officer. The district court imposed a 14-month term of reimprisonment followed by five years of supervised release.

Two weeks after his release Harper again failed to report for a drug test and admitted to smoking marijuana. Based on his admitted use, the district court concluded that Harper had also possessed marijuana. With his prior conviction for possessing with intent to distribute crack, this possession constituted a Grade B violation of his supervised release, see 21 U.S.C. § 844(a); U.S.S.G. § 7B1.1(a)(2), which, combined with his category-VI criminal history, yielded an advisory term of reimprisonment of 21 to 27 months. See U.S.S.G. § 7B1.4(a). The district court revoked Harper's supervised release and imposed a term of 24 months' reimprisonment with no additional term of supervised release.

Counsel first notes that Harper does not want to challenge the revocation of his supervised release and properly refrains from discussing whether his admissions were knowing and voluntary. See *United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010); *United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel next considers whether Harper could argue that, in calculating his term of reimprisonment, the district court improperly found that he possessed marijuana in addition to using it. As counsel notes, however, this argument is squarely foreclosed by circuit precedent holding that evidence that a probation violator used a drug supports an inference that he also possessed it. See *United States v. Trotter*, 270 F.3d 1150, 1153 (7th Cir. 2001) ("Inferring possession of a drug from the consumption of that drug is just as sensible as inferring, from the statement 'I ate a hamburger for lunch,' that the person possessed the hamburger before wolfing it down."); *United States v. Young*, 41 F.3d 1184, 1186 (7th Cir. 1994). Because Harper admitted to a probation officer that he had smoked marijuana, it would be frivolous for him to assert that he did not also possess it.

Counsel then considers whether Harper could argue that his 24-month term of reimprisonment was plainly unreasonable. We agree that any challenge to the length of the term would be frivolous. Harper's term is below the five-year statutory maximum that applies when the offense that resulted in the term of supervised release was a Class A felony at the time of sentencing. See 21 U.S.C. § 841(b)(1)(B) (2006); 18 U.S.C. § 3583(e)(3); see also *Johnson v. United States*, 529 U.S. 694, 700–01 (2000) (post-revocation penalties relate to the original offense); *United States v. Turlington*, 696 F.3d 425, 428 (3d Cir. 2012) (district court did not err in basing defendant's term of reimprisonment on original classification of

his underlying offense). And, as counsel recognizes, the district court considered Harper's arguments in mitigation and took into account the factors under 18 U.S.C. § 3553(a), including his extensive criminal history and high risk of recidivism. In light of this explanation, the term of reimprisonment would not be plainly unreasonable. See *United States v. Neal*, 512 F.3d 427, 438–39 (7th Cir. 2008); *United States v. Kizeart*, 505 F.3d 672, 673–74 (7th Cir. 2007).

Counsel finally considers whether Harper could argue that he received ineffective assistance at his revocation hearing. As counsel notes, however, Harper had no constitutional right to counsel at his revocation hearing because he admitted the violations and did not offer any substantial argument in mitigation. See *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006).

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.