In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-3092

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

ABRAHAM P. FLAGG, also known as ABRAHAM WILLS,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 93 CR 40063—**J. Phil Gilbert**, *Judge*.

ARGUED FEBRUARY 6, 2007—DECIDED MARCH 23, 2007

Before KANNE, WOOD, and WILLIAMS, *Circuit Judges*.

KANNE, *Circuit Judge*. Abraham Flagg was sentenced to 36 months' imprisonment for violating the terms of his supervised release. Flagg argues that his sentence was imposed in violation of his Sixth Amendment rights as explained in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny. He also argues that the sentence is unreasonable. We affirm.

## I. HISTORY

On February 3, 1994, Flagg pled guilty, pursuant to a written plea agreement, to one count of conspiracy to

distribute cocaine and cocaine base in violation of 21 U.S.C. § 846, and one count of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). In the written plea agreement, Flagg and the government agreed that "the total quantity of cocaine base in this case was at least 500 grams but less than 1500 grams." R. 90 at pg. 6. Flagg's relevant conduct and prior criminal history resulted in a sentencing range of 360 months' to life imprisonment. However, commensurate with the 1994 plea agreement, the government agreed not to file a 21 U.S.C. § 851 notice of two or more prior drug convictions and also agreed to move for a U.S.S.G. § 5K1.1 departure. The district court sentenced Flagg to concurrent sentences of 180 months' imprisonment and sixty months of supervised release on each count.

Flagg began serving his supervised release on February 7, 2006. Flagg immediately violated the terms of his supervised release by: (1) admitting to his probation officer on February 8th that he had used cocaine on February 7th; (2) failing to report to substance abuse counseling during February and March 2006; (3) failing to call his probation officer regarding random drug testing on seven occasions in March 2006; (4) frequenting a place where controlled substances were sold on May 1st; and (5) being in the company of others engaged in criminal activity on May 1st.

Flagg erroneously believed that he would only face a maximum of one additional year of imprisonment for his violations of supervised release, and his apparent intent was to choose one year of prison over five years of supervised release. Flagg explained his preference for prison as being based on his belief that he would be more likely to gain custody of his fourteen year old son once he was no longer under any type of sentence. Thus, the record is unclear as to whether Flagg actually used cocaine on February 7th or merely made the claim to the probation

officer on February 8th to immediately violate his supervised release. Regardless, Flagg admitted to later violations in March, April and May because he perceived no reason to comply with his release terms. Flagg stated at his revocation hearing that he had no general desire to be on supervised release unless it would help him reduce his prison sentence. The district court sentenced Flagg to 36 months' imprisonment without any additional supervised release.

## II. ANALYSIS

Prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), "[t]his court review[ed] a sentence imposed following revocation of a defendant's supervised release to ascertain whether it was 'plainly unreasonable.'" *United States v. Salinas*, 365 F.3d 582, 588 (7th Cir. 2004) (citing *United States v. McClanahan*, 136 F.3d 1146, 1149 (7th Cir. 1998); *United States v. Marvin*, 135 F.3d 1129, 1136 (7th Cir. 1998)). "To determine whether the sentence was plainly unreasonable, we [consider] . . . the standards set out in 18 U.S.C. § 3583." *United States v. Harvey*, 232 F.3d 585, 587 (7th Cir. 2000) (citing *United States v. Doss*, 79 F.3d 76, 79 (7th Cir. 1996)). The district court was also required to consider the policy statements set forth by the Sentencing Commission in U.S.S.G. Chapter Seven and the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005) (citations omitted). "We [then] review[ed] a district court's decision to revoke a term of supervised release for an abuse of discretion . . . [but] [q]uestions of statutory interpretation . . . [were] reviewed *de novo*." *United States v. Young*, 41 F.3d 1184, 1186 (7th Cir. 1994) (citing *Erickson v. Trinity Theatre, Inc.*, 13 F.3d 1061, 1067 (7th Cir. 1994); *United States v. Dillard*, 910 F.2d 461, 464 (7th Cir. 1990)).

Several circuits have concluded that an additional consequence of *Booker's* remedial decision was to replace the "plainly unreasonable" standard of review with the reasonableness standard now utilized in reviewing sentences post-*Booker*, *United States v. Bungar*, ___ F.3d ___, No. 05-5519, 2007 WL 646162, at *2 n.1 (3d Cir. Mar. 5, 2007); *United States v. Miqbel*, 444 F.3d 1173, 1176 n.5 (9th Cir. 2006); *United States v. Tyson*, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam); *United States v. Tedford*, 405 F.3d 1159, 1161 (10th Cir. 2005); *United States v. Fleming*, 397 F.3d 95, 99 (2d Cir. 2005), but the validity of this conclusion has been questioned by both the Fourth and Sixth Circuits. *United States v. Crudup*, 461 F.3d 433, 435-39 (4th Cir. 2006); *United States v. Johnson*, 403 F.3d 813, 816-17 (6th Cir. 2005). We have not squarely addressed this issue and need not resolve it today as we conclude that Flagg's sentence is appropriate regardless of whether we review it under the "plainly unreasonable" standard existing prior to *Booker* or the reasonableness standard of post-*Booker*.

"To revoke a defendant's supervised release under 18 U.S.C. § 3583(e)(3), the district court must find by a preponderance of the evidence that the defendant violated the terms of his supervised release." *United States v. Goad*, 44 F.3d 580, 585 (7th Cir. 1995). Section 3583(e)(3) establishes maximum prison sentences that the district court can impose of no more than: (1) five years for a Class A felony, (2) three years for a Class B felony, (3) two years for a Class C or D felony, or (4) one year in any other case. Felonies are classified pursuant to 18 U.S.C. § 3559 based on their maximum term of imprisonment unless otherwise classified within the specific statute making the conduct unlawful. In general, a Class A felony has a maximum penalty of life imprisonment or death, a Class B felony is twenty-five years or more imprisonment,

and a Class C felony is at least ten years but less than twenty-five years imprisonment.

In determining Flagg's prison sentence for violating the terms of his supervised release, the district court determined that Flagg was originally sentenced pursuant to 21 U.S.C. § 841(b)(1)(A). The maximum penalty for § 841(b)(1)(A) is life imprisonment making it a Class A felony and therefore Flagg faced a maximum sentence of five years for violating the terms of his supervised release. Flagg argues that his original conviction and sentence in 1994 under § 841(b)(1)(A) was imposed in violation of *Apprendi* and therefore the only permissible prison sentence for his violation of supervised release is one year based on § 841(b)(1)(C), a Class C felony.

In 1994, six years before *Apprendi*, when Flagg was indicted, pled guilty and sentenced pursuant to 18 U.S.C. §§ 841, 846, the determination of drug quantity and type were sentencing issues to be found by the district court by a preponderance of the evidence. *United States v. Knight*, 342 F.3d 697, 710 (7th Cir. 2003). *Apprendi* and the line of cases following it, however, explained that under the Sixth Amendment, "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v. Paulus*, 419 F.3d 693, 697 (7th Cir. 2005) (quoting *United States v. Booker*, 543 U.S. 220, 244 (2005)). The result was that post-*Apprendi* "drug type and amount 'sufficient to trigger the higher statutory maximum of §§841(b)(1)(A) or (B) [must] be charged in the indictment and found by the jury'" beyond a reasonable doubt or admitted by the defendant. *United States v. Macedo*, 406 F.3d 778, 786 (7th Cir. 2005) (quoting *United States v. Mietus*, 237 F.3d 866, 874 (7th Cir.

2001)). Under today's law, failure to meet the *Apprendi* rule results in limiting a sentence to the statutory maximum in § 841(b)(1)(C).

Both the original indictment and judgment and commitment order from 1994 do not reference § 841(b)(1), and instead only reference § 841(a)(1) and § 846. However, in the 1994 plea colloquy, the district court explained to Flagg that he faced a mandatory minimum sentence of ten years' imprisonment with a statutory maximum sentence of life imprisonment. This is the higher sentencing range set forth in § 841(b)(1)(A). Thus, the record of his change of plea proceeding demonstrates that Flagg pled guilty to and therefore was sentenced under § 841(b)(1)(A).

Flagg's *Apprendi* argument ignores the fact that his *Apprendi* rights were not violated by the original sentence in 1994 because he admitted to the conduct and therefore the district court did not engage in impermissible judicial fact finding. Flagg admitted in the plea agreement that he was responsible for at least 500 grams but less than 1500 grams of cocaine base. His admission in 1994 implicated § 841(b)(1)(A) by placing him above the 50 grams of cocaine base threshold and therefore there was no violation in imposing a sentence under § 841(b)(1)(A).

Even if Flagg's *Apprendi* rights were violated by his 1994 conviction and sentence, we conclude that we would be unable to address this defect through his present appeal. The proper method for challenging a conviction and sentence is through direct appeal or collateral review, not a supervised release revocation proceeding. *United States v. Thomas*, 934 F.2d 840, 846 (7th Cir. 1991); *see United States v. Hinson*, 429 F.3d 114, 116 n.8 (5th Cir. 2005) (citing *United States v. Moody*, 277 F.3d 719, 721 (5th Cir. 2001)); *United States v. Wyatt*, 102 F.3d 241, 245 (7th Cir. 1996) ("[Supervised release is part of the defendant's

original sentence . . . and it is the original sentence that is executed when the defendant is returned to prison after a violation of the terms of his release.") (internal citations and quotations omitted). We have previously held that *Apprendi* is not applied retroactively on collateral review. *Berkey v. United States*, 318 F.3d 768, 774 (7th Cir. 2003) (citing *Curtis v. United States*, 294 F.3d 841, 842 (7th Cir. 2002)). We cannot allow Flagg to use the alternative vehicle of the revocation proceeding to challenge his underlying conviction and sentence when this challenge is forbidden to him on collateral review. *Cf. Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (prohibiting "a collateral attack on [a] conviction through the vehicle of a civil suit.").

Perhaps recognizing his conflict with the requirements of collateral review, Flagg's final argument is that substantive due process or the Rule of Lenity should be applied to his benefit in this case. However, we see no reason, and more importantly no legal authority, suggesting that we alter the requirement that an attack to a conviction and sentence must be made on direct or collateral review, or that we alter the rules governing retroactivity of legal principles on collateral review. Flagg's argument is essentially that the outcome in his case is so unfair that we are compelled to jettison entire areas of the law. Furthermore, Flagg's requested relief would effectively require us to repudiate several decisions of the Supreme Court. A decision resulting in this type of change can only come from our Superiors.

Finally, we conclude that the district court's decision to impose a sentence of 36 months' imprisonment for Flagg's violations was not plainly unreasonable nor was it unreasonable. The record demonstrates that the district court properly considered the Guidelines' policy statements and the § 3553(a) factors. The sentence imposed by the district court is consistent with previous sentences af-

firmed by this court. *See Carter*, 408 F.3d at 854-55 (citing *Salinas*, 356 F.3d at 589; *Harvey*, 232 F.3d at 585).

### III.  CONCLUSION

The defendant's sentence is AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*