NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 28, 2007
Decided June 29, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-4394

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | |
| | No. 91-CR-283 |
| GARY PETTY *Defendant-Appellant.* | Rudolph T. Randa, *Chief Judge.* |

## O R D E R

After Gary Petty violated the terms of his supervised release, the district court ordered that he be reimprisoned for 60 months. Petty appealed, but his appointed attorney moves to withdraw because he cannot identify any nonfrivolous issues to argue on appeal. *See Anders v. California*, 386 U.S. 738 (1967). Petty has not responded to our invitation to comment on counsel's motion, *see* Cir. R. 51(b), and so we confine our review to the potential issues identified in counsel's facially adequate brief, *see United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

In 1992 Petty pleaded guilty to conspiracy to possess with intent to distribute cocaine, and the district court sentenced him to 132 months' imprisonment and five years' supervised release. After completing his federal prison sentence, Petty served a Wisconsin sentence before beginning his term of supervised release in July 2004. In February 2006, Milwaukee police officers arrested Petty on suspicion of selling cocaine from the daycare van he drove as his part-time job. A few months

later Petty's probation officer petitioned the district court to revoke his supervised release. The probation officer alleged that Petty had violated the conditions of his supervised release by being arrested on the drug charge in February, possessing drugs at that time, failing to timely report his contact with law enforcement, and submitting false Monthly Supervision Reports that said nothing about his arrest. At the revocation hearing Petty did not contest any of the four alleged violations, and the district court found that he indeed had violated the terms of his supervised release. The applicable policy statement called for a term of reimprisonment of 51 to 63 months. *See* U.S.S.G. § 7B1.4 The district court imposed 60 months, reasoning that a term of that length was appropriate in light of Petty's recidivism and the circumstances surrounding his drug selling in February 2006.

Counsel first considers arguing that the district court erred by revoking Petty's supervised release. Before revoking supervised release, a district court must find by a preponderance of the evidence that the defendant violated the terms of his release. *United States v. Flagg*, 481 F.3d 946, 949 (7th Cir. 2007). In this case, as counsel notes, Petty did not dispute the facts underlying the violations, and indeed his guilt on the drug charge—the most serious violation of his supervised release—was established beyond a reasonable doubt by the guilty plea he entered in state court. The record amply supports the factual basis for the other violations. We therefore agree with counsel's assessment that it would be frivolous to argue that the violations were not established by a preponderance of the evidence.

Next counsel considers arguing that the district court imposed an unreasonably long prison term. We have reserved decision on whether the "plainly unreasonable" standard we applied before *United States v. Booker*, 543 U.S. 220 (2005), has been replaced with a simple reasonableness inquiry. *Flagg*, 481 F.3d at 949. But challenging the term of reimprisonment would be frivolous under either standard, even if they are materially different. The district court acknowledged its obligation to consider the sentencing guidelines and the factors under 18 U.S.C. § 3553(a), *see United States v. Carter* 408 F.3d 852, 854 (7th Cir. 2005), and, indeed, the record reflects careful consideration of both. Petty pointed to his recent employment history and his family ties as factors supporting a term of reimprisonment below the range prescribed by the policy statements. The court, however, was more persuaded by factors such as Petty's lengthy criminal history (even in 1992 he was a career offender), his continued disregard for the law after getting a below-guidelines sentence in 1992, and the severity of his violations. Counsel does not identify any errors in the calculation of the guidelines range or any factors that would a compel a term of less than 60 months' reimprisonment.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.