NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 23, 2007
Decided September 6, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-3694

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          *v.*

KENNETH BELL,
          *Defendant-Appellant.*

Appeal from the United States
District Court for the Central
District of Illinois

No. 94 CR 30008

**Jeanne E. Scott**, *Judge.*

**O R D E R**

Kenneth Bell violated the conditions of his supervised release by testing positive for drugs. The district court revoked Bell's supervised release and sentenced him to twenty months' imprisonment followed by one year of supervised release. Bell appeals his term of imprisonment, and we affirm.

## I.

In May 1994, Kenneth Bell, a convicted felon, attempted to sell a rifle to an undercover agent. He pleaded guilty to being a felon in possession of a firearm, and on January 30, 1995, he was sentenced to 156 months' imprisonment followed by sixty months of supervised release. After serving his sentence he was released on October 28, 2005. While on supervised release, Bell submitted five separate urine samples which all tested positive for either marijuana, cocaine, or both substances. The positive drug tests violated the terms of Bell's supervised release. During a subsequent hearing, Bell admitted committing these violations. However, Bell objected to the probation office's recommendation that the district court apply a twenty-month minimum mandatory penalty pursuant to the version of 18 U.S.C. § 3583(g) that was in effect when he committed the crime. This statute required that a defendant who violated the terms of his supervised release be subject to a term of imprisonment not less than one-third of the term of supervised release. Although Bell's advisory Guideline range was twelve to eighteen months, the district court revoked Bell's supervised release and imposed a sentence of twenty months' imprisonment (which was one-third of the original sixty-month term of supervised release) to be followed by an additional one year of supervised release. The district court concluded that the mandatory minimum applied, but stated that even without the mandatory minimum, the twenty months would be warranted because of the number of violations and the extent of Bell's drug problem.

Bell appeals the imposition of a mandatory minimum term of imprisonment, arguing that an amended version of the statute applies that does not require a mandatory minimum term of imprisonment.

## II.

At the time Bell committed his offense, 18 U.S.C. § 3583(g) required that if a defendant violated the terms of supervised release by unlawfully using a controlled substance, he would receive a mandatory minimum term of imprisonment equal to one-third of the original term of supervised release. 18 U.S.C. § 3583(g) (1988 & Supp. IV 1993), *amended by* Pub.L. 103-322, § 110505(3) (codified at 18 U.S.C. § 3583(g) (1994)). However, before Bell was sentenced, Congress repealed subsection (g)'s requirement of a mandatory minimum sentence. Pub.L. 103-322, § 110505(3).

Bell asserts that the mandatory minimum sentencing requirement for violations of supervised release that was in effect at the time of his original offense was repealed before he was sentenced. Specifically, Bell contends that the district

court erred in concluding that the repeal was not retroactive, because it was part of the same amendment that included an expressly retroactive safety valve restrictions on mandatory minimums. Bell further asserts that by not applying the amended version of the statute, the district court violated international law. In response, the government contends that the law that was in effect at the time of the underlying crime is to be applied even for subsequent violations of supervised release. The government further relies upon 1 U.S.C. §109 which provides that

> [t]he repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

In reply, Bell argues that because the mandatory minimum penalty was repealed by the time Bell was originally sentenced and 1 U.S.C. §109 only saves penalties and liabilities which have been incurred prior to the repeal of a statute, the mandatory minimum penalty does not apply to him.

We need not delve into these issues, however, because the district court stated that "20 months is an appropriate sentence, even without the one-third requirement," that would result if the mandatory minium sentence for supervised release violations of 18 U.S.C. § 3853(g) applied to Bell. Therefore, for the purposes of Bell's sentence, the application of the repeal of the mandatory minimum is irrelevant.

We turn then to the appropriateness of a sentence of twenty months' imprisonment following Bell's revocation of supervised release. Prior to the U.S. Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the standard for reviewing a sentence following the revocation of supervised release was whether it was "plainly unreasonable." This required us to consider the criteria set forth in 18 U.S.C. § 3583. Under that standard, the district court was required "to consider the policy statements set forth by the Sentencing Commission in U.S.S.G. Chapter Seven and the sentencing factors set forth in 18 U.S.C. § 3553(a)." *United States v. Flagg*, 481 F.3d 946, 949 (7th Cir. 2007) (citations omitted). This circuit has not yet determined whether as a result of *Booker* the plainly unreasonable standard has been replaced by *Booker*'s reasonableness standard. *Id.* As discussed below, however, we conclude that Bell's sentence "is appropriate regardless of whether we review it under the 'plainly unreasonable' standard existing prior to *Booker* or the reasonableness standard of post-*Booker*," therefore

we need not reach any determinations about the standard of review for sentences imposed following the revocation of supervised release post-*Booker*. *Id.*

The sentenced imposed is two months greater than the high end of the Guideline range of eighteen months. In arriving at the sentence imposed, the district court reviewed Bell's file and violation report, as well as considered the arguments and statements made by counsel at the sentencing hearing. Additionally, the district court considered the number of violations Bell had sustained as well the extent of Bell's substance abuse history and concluded that a twenty- month term of imprisonment was warranted to "give [Bell] the chance in the prison system to participate in the intensive drug treatment program." In light of these considerations, the district court properly conducted its sentencing function by considering the facts that would be relevant under 18 U.S.C. § 3553(a) and imposed a sentence that is neither plainly unreasonable nor unreasonable. *See United States v. Sachsenmaier*, 491 F.3d 680, 684-85 (7th Cir. 2007).

III.

Because the district court appropriately imposed a twenty-month term of imprisonment, we AFFIRM Bell's sentence.