**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 7, 2007
Decided November 9, 2007

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-1334

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division |
| *v.* | |
| | No. 1:05-CR-00164 |
| ANTOINE PERRY, *Defendant-Appellant*. | David F. Hamilton, *Judge*. |

**O R D E R**

After Antoine Perry violated the terms of his supervised release, the district court ordered that he be reimprisoned for sixteen months. Perry timely appealed, but his appointed attorneys now move to withdraw because they cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Perry has not responded to our invitation to comment on counsel's motion, *see* Cir. R. 51(b), and so we confine our review to the potential issues raised in counsel's facially adequate brief, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Perry was convicted in the District of Columbia for damaging a computer that he accessed without authorization. *See* 18 U.S.C. § 1030(a)(5)(A)(I). He was sentenced to four months' imprisonment and three years' supervised release, with the first four months to be served in home confinement under electronic monitoring. Perry established residency in Indiana after completing his prison sentence, and jurisdiction over his supervised release was transferred to the Southern District of Indiana.

In November 2005 Perry's probation officer petitioned the district court to revoke his supervised release. Perry ultimately admitted that he violated the conditions prohibiting drug use, regulating his home confinement, and requiring monthly reports to the probation officer. Rather than order revocation, the district court in January 2006 elected to modify the conditions of supervision. But within a week the probation officer alleged that Perry again had violated the conditions concerning drug use and home confinement. This time when Perry admitted to the violations the court revoked his supervised release and ordered him reimprisoned for six months. The court also imposed thirty months of supervised release and directed that Perry reside in a community corrections center for the first six months of that term.

Perry completed the prison term in July 2006. Less than one month later the probation officer yet again petitioned to revoke his release. According to the probation officer, Perry had failed to timely report to the community corrections center after his release from prison and then departed without authorization after only eleven days. He also had tested positive for cocaine use on four occasions and failed to report as directed by the probation office.

At the revocation hearing, which was conducted in segments over several months, Perry admitted absconding from the community corrections center and using cocaine on one occasion. But he insisted that all of the positive drug tests reflected residual metabolite levels from that one acknowledged use, and he denied that the probation officer had contacted him to schedule a meeting. The district court rejected the allegation that Perry had failed to report to his probation officer, but found by a preponderance of the evidence that he used cocaine four times in the first three weeks after his release from prison, and had departed the community corrections center without authorization. The court revoked Perry's supervision and calculated an imprisonment range of four to ten months under the applicable policy statements. *See* U.S.S.G. § 7B1.4(a). In addition, the court noted that it could add to the range the time Perry should have served in community confinement, *see id.*, which was approximately six months. Thus, the court, noting Perry's light original sentence and "defiance" of past attempts to get him to conform to less onerous forms of supervision, ordered Perry to serve sixteen months' imprisonment.

In their *Anders* submission counsel first consider arguing that the district court abused its discretion in revoking Perry's supervised release, but conclude that this contention would be frivolous. We agree. To revoke a defendant's supervised release, a district court must find by a preponderance of the evidence that the defendant violated the terms of his release. *See* 18 U.S.C. § 3583(e)(3); *United States v. Flagg*, 481 F.3d 946, 949 (7th Cir. 2007). Here, Perry did not dispute that he failed to report to the community corrections center as directed by the probation officer or that he left without authorization. And Perry admitted that he used cocaine. That admission was enough to raise an inference that he possessed a controlled substance in violation of his supervised release, *see United States v. Trotter*, 270 F.3d 1150, 1153-54 (7th Cir. 2001), which would have mandated revocation and imprisonment, *see* 18 U.S.C. § 3583(g)(1). Indeed, the undisputed evidence that Perry tested positive for cocaine use four times in less than a month itself compelled the court to revoke his supervision and return him to prison. 18 U.S.C. § 3583(g)(4).

Next, counsel consider arguing that the district court imposed an unreasonably long prison term. We will uphold a term of reimprisonment imposed upon revocation of supervised release unless it is "plainly unreasonable." *United States v. Kizeart*, No. 07-1397, 2007 WL 2938374, at *2 (7th Cir. Oct. 10, 2007). And we have held that it will not be plainly unreasonable so long as the district court considered the applicable policy statements in the sentencing guidelines, *see* U.S.S.G. ch. 7, pt. B, and the factors set out in 18 U.S.C. § 3553(a). *See United States v. Salinas*, 365 F.3d 582, 588-89 (7th Cir. 2004). The district court did so here. Counsel acknowledge that the court correctly applied the policy statements, including the directive to add six months to Perry's imprisonment range because he failed to serve the period of community confinement that was "previously imposed in connection with the sentence for which revocation" was ordered. *See* U.S.S.G. § 7B1.3(d). The court then took note of the nonviolent nature of Perry's original conviction and his service as a navy veteran, but was more persuaded by Perry's defiance of lesser sanctions, his repeated drug use, and his unwillingness to accept responsibility. As counsel observe, the sixteen-month term chosen by the court is within the parameters established by the policy statements, and any contention that the term is plainly unreasonable would be frivolous.

For the above reasons, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.