**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-4683**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ERIC CONYERS,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:07-cr-00057-FDW)

———————————

Submitted: June 4, 2008        Decided: July 11, 2008

———————————

Before MOTZ, KING, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Joseph L. Bell, Jr., BATTS, BATTS & BELL, LLP, Rocky Mount, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Conyers appeals the district court's sentence of thirty-seven months' imprisonment following its revocation of his supervised release. Conyers asserts that this term of incarceration exceeds the statutory maximum established by the classification of his underlying offense. Because Conyers neither challenged his underlying conviction and sentence nor objected to his current sentence during the revocation hearing, this court's review is for plain error. To meet the plain error standard: (1) there must be an error; (2) the error must be plain; and (3) the error must affect substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). If the three elements of the plain error standard are met, this court may exercise its discretion to notice the error only "if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks and citation omitted). Finding no error, we affirm.

In 1994, Conyers pled guilty to one count of possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). The district court sentenced Conyers to 151 months' imprisonment, followed by five years of supervised release. However, following Conyers' release, he violated the terms of that supervised release, for which the

- 2 -

district court imposed a term of thirty-seven months' incarceration.

On appeal, Conyers essentially raises an argument under Apprendi v. New Jersey, 530 U.S. 466 (2000), and alleges that because the underlying indictment failed to include a drug amount, the thirty-seven months' incarceration the district court imposed exceeds the maximum of two years' imprisonment authorized for violations of a term of supervised release imposed as punishment for a Class C felony. We disagree. Conyers' challenge incorrectly asserts he was originally sentenced for committing a Class C felony. Conyers' presentence report, to which no objections were filed, indicates a sufficient factual basis to support a sentence in accordance with § 841(b)(1)(A), a Class A felony.

Moreover, Conyers is foreclosed from raising an Apprendi challenge to the classification of his offense under the law of the case doctrine. The law of the case doctrine, absent exceptional circumstances, forecloses relitigation of issues expressly or impliedly decided at a prior stage of a proceeding. See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). The record indicates that Conyers pled guilty to the Class A felony of § 841(b)(1)(A) in 1994, and failed to appeal the resulting conviction and sentence.

Additionally, we note that circuit courts that have squarely addressed the issue have held that Apprendi is not

retroactively applicable in a supervised release revocation proceeding. See United States v. Warren, 335 F.3d 76 (2d Cir. 2003); see also United States v. Flagg, 481 F.3d 946 (7th Cir. 2007). In Flagg, the Seventh Circuit reasoned that a party should not be able "to use the alternative vehicle of the revocation proceeding to challenge his underlying conviction and sentence when this challenge is forbidden to him on collateral review." Flagg, 481 F.3d at 950. Likewise, this court has held that the rule announced in Apprendi is not retroactively applicable to cases on collateral review. United States v. Sanders, 247 F.3d 139, 151 (4th Cir. 2001).

Finally, Conyers alleges that because the 1994 indictment failed to include the drug quantity, this court lacks jurisdiction. We conclude that Conyers has waived this argument by pleading guilty. A guilty plea effects a waiver of all non-jurisdictional defects in the indictment. Tollett v. Henderson, 411 U.S. 258, 267 (1973) (stating that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (same). Defects in the indictment are not jurisdictional. United States v. Cotton, 535

U.S. 625, 631 (2002).  Conyers' valid guilty plea therefore waives his argument that the indictment was defective.

Accordingly, we affirm Conyers' sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED