NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July 24, 2008
Decided July 25, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-4069

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Central District of Illinois |
| | |
| *v.* | No. 01-30113-001 |
| | |
| ANDRE BURTON, | Jeanne E. Scott, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Andre Burton pleaded guilty to possessing a firearm as a felon, *see* 18 U.S.C. § 922(g)(1), and in June 2002 the district court sentenced him to 72 months' imprisonment and 3 years' supervised release.  Mr. Burton completed his sentence and was released in April 2007.  As part of the conditions of his release, Mr. Burton was not allowed to possess controlled substances.  But in October 2007 officers from Sangamon County, Illinois, found what they believed to be illegal drugs in Mr. Burton's possession.  The government therefore petitioned that his term of supervised release be revoked.

The officers who arrested Mr. Burton testified at his revocation hearing. According to the officers, a confidential informant had arranged a drug sale with another man and, the officers later discovered, Mr. Burton was that man's drug supplier. On the day of the sale, officers waited for Mr. Burton to arrive at the middleman's home, and when he did, they apprehended him. Then the officers searched Mr. Burton and found in his pockets and in a bag behind a nearby couch substances that later tested positive for marijuana and powder cocaine. After administering the *Miranda* warnings, the officers questioned Mr. Burton, and he admitted that he had brought the drugs there to sell.

The district court determined that the government had proven by a preponderance of the evidence that Mr. Burton possessed marijuana and that he possessed powder cocaine with the intent to distribute. Because Mr. Burton originally was convicted of a gun crime and then committed drug crimes, the court noted that Mr. Burton's criminal activity was "actually getting worse rather than better." The drug crimes constituted Grade A violations, which, coupled with Mr. Burton's criminal history category V, produced a guidelines imprisonment range of 30 to 37 months, but the statutory maximum prison sentence was 24 months. *See* 18 U.S.C. § 3583(e)(3). The district court revoked Mr. Burton's supervised release and determined that the statutory maximum was an appropriate sentence.

Mr. Burton filed a notice of appeal, but his appointed lawyer has moved to withdraw because he cannot discern a nonfrivolous argument for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's supporting brief is adequate, and Mr. Burton has not responded to counsel's motion, *see* Cir. R. 51(b). Our review of the record is limited to the potential issues counsel has identified. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Mr. Burton could challenge the district court's finding that he violated the terms of his supervised release. As counsel notes, the district court's finding must be supported by a preponderance of the evidence. *See United States v. Flagg*, 481 F.3d 946, 949 (7th Cir. 2007); *United States v. Trotter*, 270 F.3d 1150, 1153 (7th Cir. 2001). Here the officers who arrested Mr. Burton testified that they recovered suspected drugs from Mr. Burton, which they field-tested to be marijuana and powder cocaine, and that he later admitted that he brought them into the house to sell them. Given this evidence, we agree with counsel that it would be frivolous to dispute the district court's finding that Mr. Burton violated the terms of his supervised release.

This evidence also disposes of counsel's potential challenge to the district court's finding that he possessed cocaine with intent to distribute. At sentencing Mr. Burton argued that the officers had not adequately established that the substance in one of the bags was cocaine, or that Mr. Burton intended to distribute it. But Mr. Burton admitted that the

substance was cocaine and for sale, and some of the drugs tested positive as powder cocaine in the police lab.  Additionally, the officers testified that based on their many years' experience, the amount that they recovered (63.4 grams) was too large to have been for personal use.  We agree with counsel that these facts establish by a preponderance of the evidence that Mr. Burton possessed cocaine with intent to distribute.  We therefore conclude that any argument about this finding would be frivolous.

Counsel also examines whether Mr. Burton could challenge his sentence.  We will set aside a sentence imposed after supervised release has been revoked only if it is plainly unreasonable.  *See United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008); *United States v. Kizeart*, 505 F.3d 672, 674 (7th Cir. 2007).  In this case, after the district court reviewed Mr. Burton's criminal history and considered the evidence presented at the hearing, it found that Mr. Burton's level of criminal activity was progressively worsening from firearms possession to illegal drug sales.  The court therefore determined that the statutory maximum of 24 months' imprisonment was an appropriate sentence.  Nothing in the record suggests that a below-guidelines sentence was warranted, much less that this sentence is plainly unreasonable, so we agree with counsel that any argument about Mr. Burton's sentence would be frivolous.

Therefore, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.