NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 16, 2009
Decided April 17, 2009

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-2965

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 06-CR-120-C |
| AMY JO KRUEGER, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

Amy Jo Krueger pleaded guilty to misuse of a Social Security number. *See* 42 U.S.C. § 408(a)(7)(8). She served 18 months' imprisonment and then began a 3-year term of supervised release. After she violated the terms of her release, the government petitioned to have her release revoked. At her revocation hearing, Krueger stipulated to four violations—opening a checking account without her probation officer's permission, violating state and federal law by passing bad checks, leaving the jurisdiction without permission, and failing to submit a truthful supervised-release report at the end of each month. Based on these stipulations, the district court revoked her supervised release, ordering her reimprisoned for 11 months. Krueger appeals, but her appointed attorney has

moved to withdraw because she is unable to identify a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Krueger to comment on counsel's motion, *see* CIR. R. 51(b), but she has not responded. Thus, we are left to review only the two potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Krueger could challenge the district court's decision to revoke her supervised release. A district court may revoke a term of supervised release if it finds, by a preponderance of the evidence, that the defendant violated the terms of release. 18 U.S.C. § 3583(e)(3); *United States v. Flagg*, 481 F.3d 946, 949 (7th Cir. 2007). Here, Krueger stipulated to having violated several terms of her release—violations that the district court classified as Grade C. Once the district court had found just one Grade C violation, it acted within its discretion to revoke supervised release. *See* § 3583(e)(3); U.S.S.G. § 7B1.3(a)(2).

Counsel also questions whether Krueger could challenge the reasonableness of her term of reimprisonment. We will uphold a term of reimprisonment so long as it is not plainly unreasonable. *See United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008). The district court categorized Krueger's violations as "Grade C" which, combined with her criminal history category of IV, yielded an advisory guideline range of 6 to 12 months' reimprisonment. *See* U.S.S.G. § 7B1.4(a). The court then imposed a sentence near the top of that range given the seriousness of Kruger's inability to go even a short time without passing bad checks and the need to protect the community from her future criminal acts. Because the court weighed the applicable policy statements, *see* U.S.S.G. ch. 7, pt. B, and the factors set out in 18 U.S.C. § 3553(a), *see United States v. Salinas*, 365 F.3d 582, 588-89 (7th Cir. 2004), we agree that any challenge to Kruger's term of reimprisonment would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.