**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2009[*]
Decided October 23, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

No. 09-2535

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:98-CR-40034-003 |
| JERMAINE C. INGRAM, *Defendant-Appellant*. | Michael J. Reagan, *Judge*. |

**O R D E R**

Jermaine Ingram pleaded guilty to distributing crack cocaine, 21 U.S.C. § 841(a)(1), and was sentenced to 169 months' imprisonment and five years' supervised release. In March 2008, the district court reduced Ingram's prison sentence to 136 months based on the 2007 amendment to crack-cocaine sentencing guideline, U.S.S.G. § 2D1.1. Ingram was then released from prison and commenced the term of supervised release, but in November 2008, his probation officer petitioned for revocation for, among other grounds, possessing crack

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a); CIR. R. 34(f).

with intent to distribute.  At his revocation hearing Ingram admitted possessing crack but denied intending to distribute it.  The district court revoked his release and ordered him to serve another 28 months' imprisonment.  Ingram appeals, but his appointed counsel has moved to withdraw because he cannot identify any nonfrivolous argument to pursue.  *See Anders v. California*, 386 U.S. 738 (1967).  Ingram has not accepted our invitation to comment on counsel's motion.  *See* CIR. R. 51(b).  We confine our review to the potential issues outlined in counsel's adequate brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Ingram could challenge the district court's decision to revoke his supervised release.  A district court may revoke a term of supervised release if it finds, by a preponderance of the evidence, that the defendant violated a condition of his release.  18 U.S.C. § 3583(e)(3); *United States v. Flagg*, 481 F.3d 946, 949 (7th Cir. 2007).  Here, Ingram admitted possessing crack, which constitutes a Grade A violation, and therefore violated a condition of his release.  The violation also made revocation of his release mandatory.  18 U.S.C. § 3583(g)(1); U.S.S.G. §§ 7B1.1(a)(1), 7B1.3(a)(1); *United States v. Israel*, 317 F.3d 768, 769, 773 (7th Cir. 2003); *United States v. Trotter*, 270 F.3d 1150, 1154 (7th Cir. 2001).  We agree with counsel that it would be frivolous for Ingram to challenge the district court's decision to revoke his supervised release.

Finally counsel considers whether Ingram might argue that his term of reimprisonment is unreasonable.  We will uphold a term of reimprisonment imposed on revocation of supervised release unless it is "plainly unreasonable," a very deferential standard.  *United States v. Kizeart*, 505 F.3d 672, 674 (7th Cir. 2007).  Before settling on 28 months, the district court adequately considered the seriousness of Ingram's violation, the need for deterrence, the policy statements in the guidelines, *see* U.S.S.G. ch. 7, pt. B, and the sentencing factors set out in 18 U.S.C. § 3553(a).  *See United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008).  Thus, we agree with counsel that any challenge to Ingram's term of reimprisonment would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.