NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 28, 2010
Decided July 29, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-1063

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 1:00-cr-10029-001 |
| JOHN R. WHITLOW, *Defendant-Appellant.* | Michael M. Mihm, *Judge.* |

**O R D E R**

John Whitlow pleaded guilty to mail fraud, money laundering, and filing a false tax return, 18 U.S.C. §§ 1931, 1956(a)(1)(B)(I), 1957, and was sentenced to 108 months' imprisonment with three years' supervised release. He began supervised release in 2008, but in November 2009 his probation officer petitioned for revocation because Whitlow admitted he violated his supervised release conditions by applying for credit without permission. The district court revoked his release and ordered him to serve another 8 months' imprisonment with an additional 16 months' supervised release. Whitlow appeals, but his appointed counsel has moved to withdraw because he cannot identify any nonfrivolous argument to pursue. See *Anders v. California*, 386 U.S. 738 (1967). Whitlow has not accepted our invitation to comment on counsel's motion. See CIR. R. 51(b). We confine

our review to the potential issues outlined in counsel's facially adequate brief. See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first tells us that Whitlow wants to challenge his waiver of a revocation hearing, but finds no potential challenge. A revocation hearing may be knowingly and voluntarily waived if the defendant knows the charge against him and is advised of the rights being waived. *United States v. LeBlanc*, 175 F.3d 511, 517 (7th Cir. 1999). Rule 32.1 outlines the procedural rights required to revoke supervised release: written notice of alleged violations, disclosure of the evidence against the defendant, the right to appear and present evidence, representation by counsel, and the right to make a statement in mitigation, FED. R. CRIM. P. 32.1(b)(2); *United States v. Neal*, 512 F.3d 427, 435 n.8 (7th Cir. 2008). The district court directly advised Whitlow, and he specifically acknowledged as much, that he was giving up each of these rights. Any challenge to his waiver would be frivolous.

Counsel next considers whether Whitlow could challenge the court's decision to revoke his supervised release, but concludes that a challenge would be frivolous. A district court may revoke supervised release if, by a preponderance of the evidence, it determines that the defendant violated a supervised release condition. 18 U.S.C. § 3583(e)(3); *Johnson v. United States*, 529 U.S. 694, 700 (2000); *United States v. Flagg*, 481 F.3d 946, 949 (7th Cir. 2007). Whitlow's supervised release conditions forbade him from applying for credit without first getting his probation officer's permission, and Whitlow's admission that he applied for (and received) credit six times between July and November 2008 conclusively establishes that he violated these conditions.

Finally counsel considers whether Whitlow might challenge his reimprisonment term as plainly unreasonable. See *United States v. Kizeart*, 505 F.3d 672, 674 (7th Cir. 2007). Before imposing the 8-month term, the district court here correctly determined that the guidelines counseled a 4 to 10 month imprisonment range. See U.S.S.G. § 7B1.4. The court then considered the appropriate sentencing factors in 18 U.S.C. § 3553(a), noting that Whitlow was convicted of a very serious fraud, *id.* § 3553(a)(1), and that even though he still owed more than $600,000 in restitution he flouted the court's order and ran up an additional $13,000 in new credit charges beginning even before he left prison, *id.* § 3553(a)(2)(A), (C). The court also noted that Whitlow's additional credit applications have jeopardized his ability to make restitution payments to the original victims of his crime, *id.* § 3553(a)(7). We agree that any challenge to Whitlow's imprisonment term as plainly unreasonable would be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.