**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 12, 2017
Decided May 12, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 17-1196

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 14-cr-67-jdp-1 |
| MARK HARDER, also known as MARK JAMES, <br> *Defendant-Appellant*. | James D. Peterson, <br> *Chief Judge*. |

### O R D E R

Mark Harder pleaded guilty in 2014 to failing to register as a sex offender, see 18 U.S.C. § 2250, and was sentenced to 2 years' imprisonment and 5 years' supervised release. Harder had completed his prison term and was on supervised release when, in 2017, the government sought revocation, see 18 U.S.C. § 3583(e), alleging that Harder violated the conditions of his release by associating with a minor without approval of his probation officer, lying to his probation officer, and possessing drug paraphernalia. After Harder admitted the violations, the district court revoked his supervised release and imposed another year of imprisonment and 3 years' supervised release. Harder filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

We note that there is no constitutional right to counsel in revocation proceedings when, as here, the defendant admits violating the conditions of his supervision and neither challenges the appropriateness of revocation nor asserts substantial and complex grounds in mitigation. See *Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973); *United States v. Boultinghouse*, 784 F.3d 1163, 1171 (7th Cir. 2015); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Thus we are not compelled to use the *Anders* safeguards for our review of counsel's motion to withdraw, though we follow that decision as a matter of policy to ensure consideration of potential issues. See *Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987); *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). Harder opposes counsel's motion to withdraw. See CIR. R. 51(b). Because counsel's brief appears to be thorough and addresses issues that an appeal of this kind might be expected to involve, we limit our review to the subjects that counsel discusses, along with the contentions in Harder's response. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers whether Harder could challenge the revocation. But Harder admitted that he violated the conditions of his release during the revocation proceeding, so any argument that the revocation was unfounded would be frivolous. See 18 U.S.C. § 3583(e)(3) (allowing revocation when court finds by a preponderance of the evidence that defendant violated a condition of release); *United States v. Flagg*, 481 F.3d 946, 948–51 (7th Cir. 2007) (affirming revocation when defendant admitted violations). In his Rule 51(b) response, Harder argues that his due-process rights were violated because no one investigated his justifications for the violations. But that contention is belied by his colloquy with the district judge, who ensured that Harder understood the proceedings, the alleged violations, and the possible penalties. See FED. R. CRIM. P. 32.1(a)(3); *United States v. LeBlanc*, 175 F.3d 511, 515–17 (7th Cir. 1999).

Counsel also considers challenging Harder's term of reimprisonment as plainly unreasonable, but rightly concludes that this claim would be frivolous. The term imposed is below the statutory maximum. See 18 U.S.C. §§ 3583(e)(3), (k). Also, the district court applied the factors listed in 18 U.S.C. § 3553(a), taking into account Harder's history of repeatedly failing to comply with the terms of his supervision, the need to deter him from future misconduct, and the need to protect the public.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.