<div style="border: 1px solid black; padding: 10px;">

**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

</div>

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 2, 2020
Decided April 3, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-2754

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 07-cr-91-bbc-1 |
| | |
| JOHN HIGH, | Barbara B. Crabb, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

John High was convicted of possessing a firearm and ammunition while a felon, 18 U.S.C. § 922(g)(1), and he was sentenced to 120 months in prison and three years of supervised release. After the district court revoked High's supervised release once, he was convicted in state court on a new charge of misdemeanor bail jumping, and the district court revoked it again. High appealed, but because we agree with his appointed counsel that the appeal is frivolous, we grant counsel's motion to withdraw and dismiss the appeal. *See Anders v. California*, 386 U.S. 738 (1967).

As the district court noted, High has not been "amenable to supervision." The court revoked High's first term of supervised release because he had violated multiple

release conditions, including committing a new crime (for which he was released on bond). It imposed one day of imprisonment and an additional year of supervision. Just six weeks into that second term, High was arrested for violating his bond conditions because he caused a domestic disturbance. High then stopped contacting his probation officer, who did not know where High was until he was arrested again—this time on charges of resisting and obstructing an officer, disorderly conduct, and two more counts of bail jumping. (High refused to give officers his true name when confronted for harassing shoppers and asking to trade food stamps for cash.) High pleaded guilty to one count of misdemeanor bail jumping, and the remaining charges were dropped.

High's federal probation officer then petitioned the district court to revoke his supervised release again. High stipulated to three violations: he committed a new crime; he failed to meet with his probation officer; and he failed to notify his probation officer within 72 hours of an arrest. Because each was a Grade C violation and he had a criminal history category of VI, the policy statements in the Sentencing Guidelines recommended 8 to 14 months' incarceration. U.S.S.G. §§ 7B1.1, 7B1.4. The government requested that the court revoke High's supervised release and impose a high-end sentence of incarceration with no further supervised release. High asked the court to let him continue to serve his current term. The court revoked High's supervised release and sentenced him to 14 months' imprisonment with no additional supervised release.

High appealed, but his attorney can identify no non-frivolous issue to raise and moves to withdraw. Because there is not an unqualified right to counsel on an appeal of a revocation order, *see Gagnon v. Scarpelli*, 411 U.S. 778, 789–90 (1973), the safeguards of *Anders* need not govern our review. Nonetheless, it is our practice to follow them. *United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). We invited High to identify potential issues for appeal, *see* CIR. R. 51(b), and although he did not respond, counsel conferred with High about the arguments that he wishes to make. Because counsel's brief explains the nature of the case and analyzes the potential issues that an appeal of this kind might be expected to involve, we limit our review to the subjects discussed in the brief. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

First, counsel notes that High questions whether his 2007 conviction was lawful, but correctly concludes that the proper method for challenging the conviction is through direct appeal or collateral review, not an appeal from this supervised-release revocation proceeding. *See United States v. Flagg*, 481 F.3d 946, 950 (7th Cir. 2007).

Counsel next conveys that High wishes to challenge the district court's revocation of his supervised release. Under 18 U.S.C. § 3583(e)(3), a district court may revoke a term of supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of release, and we review revocation decisions for abuse of discretion. *See Flagg*, 481 F.3d at 948. Here, High stipulated that he violated the conditions of his release, but counsel does not address whether High would now like to assert that his admissions were not knowing and voluntary. Counsel should have consulted with High about this issue and told us his decision. *See United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016).

Nonetheless, we agree with counsel that any challenge to the revocation would be frivolous. In its colloquy with High, the district court ensured that he understood the proceedings, the alleged violations, and the possible penalties. *See* FED. R. CRIM. P. 32.1; *United States v. LeBlanc*, 175 F.3d 511, 515–17 (7th Cir. 1999). Moreover, High did not merely admit that he violated the conditions of his release, he was also convicted in state court of a new crime. *See United States v. Huusko*, 275 F.3d 600, 602–03 (7th Cir. 2001) (state conviction is sufficient proof that defendant violated conditions of release by committing a new crime).

Counsel also considers whether the district court committed procedural error by not adequately weighing the relevant policy statements, the sentencing factors set out in 18 U.S.C. § 3553(a), and High's mitigation arguments. *See United States v. Ford*, 798 F.3d 655, 663 (7th Cir. 2015). Here, the district court correctly found that High had committed a Grade C violation by committing a new crime that exposed him to less than one year of imprisonment. *See* U.S.S.G. § 7B1.1(a)(3). (Misdemeanor bail jumping is punishable by up to nine months' imprisonment. WIS. STAT. §§ 939.51(3)(a), 946.49(1)(a).) Coupled with High's criminal history category of VI, the recommended sentence was 8 to 14 months' incarceration. U.S.S.G. § 7B1.4. The court then chose to impose 14 months' incarceration because it wanted "to hold [High] accountable for [his] behavior and to protect the community." Incarceration was necessary, the court reasoned, because, after it had shown leniency when it revoked High's first term of supervision by imposing only a day in prison plus a new term, High soon committed multiple violations. This explanation shows that the court considered High's history and characteristics, the need to deter criminal conduct, and the need to protect the public, as well as High's mitigation arguments. We therefore agree with counsel that it would be frivolous to argue that the court did not say enough.

We therefore GRANT the petition to withdraw and DISMISS the appeal.