NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 28, 2021
Decided April 28, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2354

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:17-CR-30052-SMY-1 |
| MICHAEL D. KING, *Defendant-Appellant*. | Staci M. Yandle, *Judge*. |

**O R D E R**

While on supervised release for failing to register as a sex offender, 18 U.S.C. § 2250, Michael King was discharged from his sex-offender treatment program for threatening his therapist and planning to live with his girlfriend and her minor child despite his sex-offender status. Based on his discharge and other violations (driving uninsured, missing a therapy session, and not paying his fines), the district court revoked his release and sentenced him to one year in prison followed by eight years' supervision. King appeals the revocation, but his appointed counsel concludes that the appeal is frivolous and moves to withdraw. See *Anders v. California*, 386 U.S. 738 (1967).

As a preliminary matter, we note that there is no constitutional right to counsel in an appeal of a revocation of supervised release where, as here, the defendant neither contests the underlying violations nor raises complex or substantial arguments in mitigation of revocation. See *Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). *Anders* thus need not govern King's appeal, but we apply its safeguards anyway to ensure that all potential issues receive consideration. *United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Because counsel's brief adequately addresses the potential issues that an appeal of this kind might involve, and King did not respond to counsel's motion, see CIR. R. 51(b), we limit our review to the issues counsel raises. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014). Counsel informs us that King does not wish to challenge the revocation itself, and so counsel appropriately discusses only possible challenges to King's new sentence. See *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016).

Counsel first considers and rightly rejects as pointless any challenge to the district court's calculation of King's sentencing guidelines range. King could not plausibly contest his assignment to criminal history category III because the court properly adopted the category used at King's original sentencing, U.S.S.G. § 7B1.4 n.1, and King cannot appeal his original sentence in this revocation proceeding. See *United States v. Flagg*, 481 F.3d 946, 950 (7th Cir. 2007). And, as counsel notes, the court found that King's violations were, at worst, Grade C violations, the least serious category, see U.S.S.G. § 7B1.1(a)(3), and so King could not benefit from an argument that his violations were wrongly categorized. Given King's criminal history category III and Grade C violations, the district court correctly calculated his guideline range as 5 to 11 months in prison. See U.S.S.G. § 7B1.4.

Counsel next considers whether King reasonably could argue that his term of supervised release is greater than allowed by law and rightly concludes that he could not. By statute and under the Sentencing Guidelines (both use the same language), a new term of supervision following a revocation of supervised release "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583; U.S.S.G. § 7B1.3(g)(2). King's failure-to-register conviction under § 2250 carried a mandatory term of supervised release of five years to life. § 3583(k). The district court's imposition of one year in prison and eight years of supervised release was permissible under the statute and guidelines.

Next, counsel concludes, and we agree, that King could not plausibly argue that his sentence was inadequately explained or substantively unreasonable under the factors in 18 U.S.C. § 3553(a). In imposing a one-year prison term, the district court adequately explained why it varied upward by one month from the guideline recommendation of 11 months. It observed that, despite the condition barring King from proximity to minors, King insisted on living with his girlfriend and her minor child. The court therefore reasonably decided that enhanced prison time and extended supervised release were essential to protect the public from King's refusal to take seriously his conditions of release. Moreover, as the court also noted, the Sentencing Guidelines' application notes contemplate an upward variance for a defendant who associates with children while under supervision for sexual abuse. § 7B1.4 n.3. We thus agree with counsel that the court's explanation renders frivolous any argument that the court failed to justify King's sentence or strayed beyond the "bounds of reason" in weighing the § 3553(a) factors. See *United States v. Cunningham*, 883 F.3d 690, 701–02 (7th Cir. 2018).

Finally, we agree with counsel that King could not base a potential appeal on what was admittedly an error, albeit inconsequential, in how the district court referred to the date of his original sex offense. The court stated that King's most serious convictions (for child molestation and sexual assault) occurred 17 years ago; in fact they occurred about 23 years ago. Because King did not object to the court's explanation for his sentence, he forfeited any potential challenge to this misstatement, and we would review an appellate challenge for plain error. See *United States v. Williams*, 949 F.3d 1056, 1066 (7th Cir. 2020). That is, we would remand only if King could show that the court's mistake affected his substantial rights and seriously affected the fairness of the proceeding. See *id.* But, as counsel observes, the point of the court's remark about King's long-past crimes was that his ongoing sex-offender status still matters even though his offenses occurred long ago. The burden of proving plain error would be on King, see *id.*, and counsel does not suggest, nor can we find, any reason to think that the court would have imposed a different sentence had it realized that those offenses occurred about 23 years earlier instead of 17. Thus, King could not reasonably argue that plain error contaminated the proceeding. See *id.* at 1066.

We GRANT counsel's motion to withdraw and DISMISS the appeal.