NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 14, 2017
Decided June 16, 2017

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 17-1472

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 08-cr-134-wmc-1 |
| MORRIS E. BROWN, *Defendant-Appellant*. | William M. Conley, *Judge*. |

**O R D E R**

Morris Brown pleaded guilty in 2009 to possessing a firearm as a convicted felon, *see* 18 U.S.C. § 922(g)(1). He was sentenced to 76 months' imprisonment and 3 years' supervised release. After his release from prison, Brown repeatedly violated the conditions of his supervision. The district court gave him multiple chances to fully comply with those conditions before revoking his supervised release and reimprisoning him for a year and a day. Brown filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We grant counsel's motion and dismiss this appeal.

Seventeen months into Brown's supervision, his probation officer alerted the district court that Brown had violated the conditions of his supervision by possessing

marijuana (numerous urine specimens had tested positive) and by missing required drug tests and counseling appointments. The district court conducted a hearing and found that Brown had possessed a controlled substance and also had tested positive for marijuana more than three times in a year, both violations requiring revocation. *See* 18 U.S.C. § 3583(g)(1), (3)–(4); U.S.S.G. § 7B1.3(a)(1). Still, the court reasoned, Brown had "prospects for a remunerative job" and recently had "obtained permanent housing," so the court deferred deciding whether to revoke Brown's supervision and gave him another chance to comply with the conditions of his release.

Less than two months later, the probation officer informed the district court that Brown had tested positive for marijuana twice more since the hearing and also had failed to report contact with police. The court conducted another hearing but again put off deciding whether to revoke Brown's supervised release. Brown had asked to be allowed to attend a residential drug-treatment program, so the court continued the hearing to allow him to do so. But soon after the hearing, Brown refused to go into treatment and asked to appear again before the judge. Although dismayed with Brown's decision, the court noted that he currently was compliant and so again deferred deciding if his supervised release should be revoked. The court ordered the parties to return two months later to discuss Brown's progress.

Before that date, the probation officer reported that Brown had committed a slew of additional violations, including engaging in criminal conduct, using drugs and alcohol, associating with convicted felons, lying to the probation officer, refusing to participate in treatment for substance abuse, and leaving the judicial district without permission. In fact, the probation officer related, the previous week Brown had been arrested twice in one day for driving under the influence of alcohol. On one of those occasions, he was with a felon, the same man in the car with him when he recently had been stopped twice by police out of state. Brown had not told the probation officer about these encounters with police, nor had he sought permission to leave the judicial district or to skip two recent drug tests. The district court considered all of this conduct, as well as Brown's earlier violations, and heard from both sides about the appropriate penalty. Before revoking Brown's supervised release, the court restated its earlier findings that Brown had possessed marijuana and had tested positive more than three times in a year. The court did not impose further supervised release to follow the term of reimprisonment.

Counsel's *Anders* submission explains the nature of the case and addresses potential issues that an appeal of this kind might be expected to involve. Brown opposes

counsel's motion to withdraw. *See* CIR. R. 51(b). Because counsel's analysis appears to be thorough, we limit our review to the subjects he discusses plus the additional issue that Brown, disagreeing with counsel, believes has merit. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers whether Brown could argue that the district court abused its discretion in revoking his supervised release. Although at the final hearing Brown contested the nature of his recent police contacts and out-of-state travel, he previously had admitted using marijuana over the course of his supervision, thus supporting the finding that he possessed the drug, *see United States v. Trotter*, 270 F.3d 1150, 1153 (7th Cir. 2001). Brown also had admitted skipping drug tests and conceded testing positive for marijuana more than three times in a year. He does not seek to retract those admissions, so we agree with counsel that challenging the revocation would be frivolous, since, given the particular violations, revocation was mandatory. *See* 18 U.S.C. § 3583(g)(1), (3)–(4); *United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014).

Counsel next questions whether Brown could argue that his term of reimprisonment is plainly unreasonable. The term will survive challenge if the district court accurately calculated the reimprisonment range and considered the policy statements in Chapter 7 of the sentencing guidelines, the pertinent factors in 18 U.S.C. § 3553(a), and Brown's arguments in mitigation. *See United States v. Brown*, 823 F.3d 392, 394–95 (7th Cir. 2016). In this case, the district court correctly found that Brown had committed a Grade B violation by possessing marijuana. *See* U.S.S.G. § 7B1.1(a)(2). Simple possession of a controlled substance by a repeat drug offender, such as Brown, is a Grade B violation because under federal law the offense exposes the offender to a term of imprisonment exceeding one year. *See* 21 U.S.C. § 844(a); *United States v. Wheeler*, 814 F.3d 856, 857–58 (7th Cir. 2016); *Trotter*, 270 F.3d at 1151–52, 1154–56. The Grade B violation coupled with Brown's original criminal history category of III yielded a reimprisonment range of 8 to 14 months. In selecting a term of 12 months and 1 day, the district judge considered the Chapter 7 policy statements and discussed relevant § 3553(a) factors, particularly that Brown repeatedly had violated the conditions of his supervision and squandered multiple chances to comply by continuing to use marijuana and driving while intoxicated. This was the appropriate methodology, and a challenge to the choice of punishment would be frivolous.

Finally, counsel considers whether Brown could claim that his lawyers' representation during the revocation proceedings (current counsel is the second of two lawyers appointed to represent Brown in the district court) was constitutionally

deficient. We note that a defendant facing revocation of supervised release does not have a constitutional right to counsel if he admits violating the conditions of his supervision and neither challenges the appropriateness of revocation nor asserts substantial and complex grounds in mitigation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973); *United States v. Eskridge*, 445 F.3d 930, 932 (7th Cir. 2006). Brown admitted using marijuana and skipping drug tests but contested the accusations of leaving the judicial district and drunk driving. Yet we need not resolve whether Brown's constitutional right attached. In any case, a claim of ineffective assistance generally should be reserved for collateral review, where the defendant may develop a full record, and should not be addressed in a case like this one where counsel on appeal also represented the defendant for at least part of the proceedings in the district court. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

Brown identifies only one potential issue in response to counsel's brief, contending that the sentence for his underlying criminal conviction was improperly calculated. But "[t]he proper method for challenging a conviction and sentence is through direct appeal or collateral review, not a supervised release revocation proceeding." *United States v. Flagg*, 481 F.3d 946, 950 (7th Cir. 2007). Brown's challenge to his sentence for possessing a firearm as a felon comes too late and thus would be frivolous to pursue in this appeal.

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.